IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT R. BAKER,<br><br>                     Plaintiff,<br><br>v.<br><br>UTAH BOARD OF PARDONS & PAROLE et al.,<br><br>                     Defendants. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br>Case No. 2:16-CV-756 DN<br><br>District Judge David Nuffer |

Plaintiff/inmate, Robert R. Baker, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2019), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court now screens Plaintiff's Complaint, using the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding whether a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions,"

involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## 2. Improper Defendant - Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support § 1983 liability). Further, grievance denial, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Based on this standard, Plaintiff has not linked Defendant Herbert to a civil-rights violation. Defendant Herbert is thus dismissed from this action.

## 3. Denial of Parole

Plaintiff argues that Utah Board of Pardons and Parole members (BOP) unconstitutionally departed from state sentencing guidelines--e.g., "the matrix"--in determining whether to grant him parole. He alleges BOP did not observe his due-process rights in his parole proceedings and in denying him parole when Plaintiff thought warranted.

However, Plaintiff's allegations do not pass the screening stage of his complaint here; he has not stated a federal constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v.*

*Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The Court thus concludes that Plaintiff fails to state a claim here.

### 4. Constitutionality of Utah's Indeterminate-Sentencing Scheme

Petitioner attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons,* 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). On this basis alone, the Court denies any relief on the basis of this possible (habeas-style) claim.

Petitioner's more specific challenges to BOP's authority to determine his actual term of imprisonment within his sentences are based on *Blakely* and *Apprendi*. *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He again argues that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional.

As to *Blakely* and the constitutionality of indeterminate sentencing schemes, Petitioner's assertions fail. *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by herself and not the jury, increase a defendant's sentence beyond the statutory maximum, 542 U.S. at 308-14) is inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of

imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely*, 542 U.S. at 308.

*Apprendi* is also inapplicable. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner apparently uses *Apprendi* to argue that BOP should not have been able to "increase" his sentence without a jury's findings. However, the trial court set the sentence at the time of conviction, not during the BOP's review of the time to be served within the sentence. BOP is never able to increase Petitioner's term of service beyond his trial-court-imposed sentences of ten-years-to-life (two) and five-years-to-life (one) and one-to-fifteen-years (one) and has proposed to do nothing more. And so BOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to his life's end. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled.

### 5. Alleged Violations of State Law

Finally, the Court considers Plaintiff's possible arguments, about breach of due process and BOP guidelines in parole determinations, based on *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant relief only for violations by state actors of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Plaintiff thus has no valid argument here based on state law.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2019). And amendment of the complaint would be futile.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**. This action is **CLOSED**.

DATED this 29th day of April, 2019.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge